# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SEAN YOUSAF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-00321-DGK |
| ) | |
| THE CURATORS OF THE UNIVERSITY ) | |
| OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTION FOR EMERGENCY AND PRELIMINARY INJUNCTIVE RELIEF

This lawsuit arises from Plaintiff Sean Yousaf's dismissal from the University of Missouri at Kansas City School of Dentistry ("the SOD"). Plaintiff alleges the SOD and various faculty members and school officials violated the SOD's academic policies, his federal and state due process rights, and Title VI, as well as committed various state law torts against him.

Now before the Court is Plaintiff's "Verified Motion for Emergency and Preliminary Injunctive Relief" (Doc. 8) in which Plaintiff asserts he will suffer irreparable harm if he is not readmitted to the SOD during the pendency of this litigation. Because Plaintiff has not carried his burden of showing the extraordinary remedy of a preliminary injunction is warranted, the motion is DENIED.

## Background

After the Fall 2017 academic semester, Plaintiff was dismissed from the SOD due to alleged poor academic performance. During the Fall 2017 academic semester, Plaintiff received failing grades from two instructors, Dr. Donna Deines and Dr. Lance Godley, and a grade of "No Credit" from Dr. Deines in a third class. Dr. Godley also alleged Plaintiff had cheated in a class.

Pursuant to academic standards and policies at the SOD which state that any student who fails more than one course in any semester will be dismissed, Plaintiff stood to be dismissed.

Plaintiff met with the Associate Dean for Academic Affairs, Pam Overman, and indicated he would appeal his dismissal from the program. Dean Overman sent Plaintiff a letter informing him of his right to pursue a grade appeal if he believed his grades were capricious.

On December 14, 2017, Plaintiff was advised that the SOD Honor Council had decided to go forward with an official hearing on the cheating allegation. On December 19, 2017, the Honor Council set a hearing date on the matter for January 17, 2018. Plaintiff twice requested that the hearing be continued. Explaining his request for continuance in an email, Plaintiff wrote, "[I]f I am dismissed it saves all individuals involved time . . . The rules and guidelines outline actions that the committee may take. The most severe of these actions is dismissal from the program, if I am dismissed I feel that is enough of a consequence in itself."

On January 31, 2018, the SOD's Academic Standards Committee held a hearing to determine whether dismissal was appropriate due to his failing grades. Plaintiff presented his case for readmittance, and Drs. Deines and Godley testified. Following the hearing, the Committee recommended to the Dean of the SOD that Plaintiff not be readmitted. The Honor Council never held a hearing regarding the cheating allegations.

On April 27, 2018, Plaintiff filed the pending lawsuit.

**Standard**

A federal court considers the following factors when evaluating whether a preliminary injunction should issue: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "Additionally, the burden on a movant to demonstrate that an injunction is warranted is heavier when granting the preliminary injunction will in effect give the movant substantially the relief it would obtain after a trial on the merits." *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 790 (8th Cir. 1989).

**Discussion**

Applying the *Dataphase* factors to the present case, the Court finds that they all weigh against granting a preliminary injunction.

**A.  Plaintiff cannot show irreparable harm absent a preliminary injunction.**

Plaintiff argues that he will sustain irreparable harm if he is not immediately reinstated as a student at the SOD. "To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Disc.*, 696 F.3d 771, 778 (8th Cir. 2012). A movant's failure to demonstrate that irreparable harm will occur if preliminary relief is not granted, standing alone, may be sufficient basis to deny preliminary injunctive relief. *See id.*

The Eighth Circuit has held previously that preliminary relief is not warranted where a student seeks readmission to a graduate program after dismissal for academic failure. *See Lunde v. Helms*, 898 F.2d 1343, 1345-46 (8th Cir. 1990). In *Lunde*, the plaintiff was a third-year medical student dismissed for poor clinical performance. *Id.* at 1344. She sued the medical school, alleging wrongful dismissal, discrimination, and due process violations, and she requested a preliminary injunction. *Id.* at 1344-45. The district court denied her request for preliminary injunctive relief, and the Eighth Circuit affirmed. *Id.* at 1346.

Similarly, in *In re Lei Ke*, the Third Circuit upheld the denial of a preliminary injunction where a dismissed third-year medical student sought an order compelling his immediate readmission, holding the student's "present inability to pursue a medical education" due to his dismissal did not amount to irreparable harm, even in conjunction with his inability to repay student loans that were coming due. 531 Fed. App'x. 187, 191 n.3 (3d Cir. 2013).

To the extent Plaintiff argues that reputational harm has already been done, a preliminary injunction will be largely ineffective. *See CDI Energy Servs. v. W. River Pumps, Inc.*, 567 F.3d 398, 403 (8th Cir. 2009) (finding the irreparable harm factor weighed against a preliminary injunction because the harm "to a large extent, ha[d] already occurred").

For support, Plaintiff cites *Greenhill v. Bailey*, 519 F.2d 5 (8th Cir. 1976), where the Eighth Circuit reversed the district court's dismissal of Plaintiff's procedural and substantive due process claims based on his academic dismissal from medical school. But *Greenhill* is not on point: It involves the case's dismissal, not a request for a preliminary injunction. It is not persuasive because the decision contains no discussion relevant to whether a student who has been expelled will suffer "certain and great" irreparable harm if an injunction readmitting the student is not granted.

Plaintiff also cites *University of Texas Medical School v. Than*, in which the Texas Supreme Court held that "where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, the minimal requirements of due process must be satisfied." 901 S.W.2d 926, 930 (Tex. 1995). Although it held a medical student charged with academic dishonesty "faces not only serious damage to his reputation but also the loss of his chosen profession," *id*., it did not address whether the alleged irreparable harm the medical student suffered was sufficient to support the "extraordinary remedy" of a preliminary injunction. Hence, *Than* is also not persuasive.

Plaintiff has not demonstrated irreparable harm will occur if an injunction is not issued.

**B.     The balance of harms weighs against issuing a preliminary injunction.**

The balance of harms also weighs against issuing a preliminary injunction. As the Supreme Court has observed, "[c]ourts are particularly ill-equipped to evaluate academic performance" and should generally avoid "any such judicial intrusion into academic decisionmaking." *See Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 92 (1978). Courts have refused to grant preliminary injunctions forcing a medical student's re-admittance, reasoning that the potential risk to patients from incompetent care outweighs potential harm to the student for a delay in education. *See e.g.*, *Doe v. New York Univ.*, 442 F. Supp. 522, 524 (S.D.N.Y. 1978) (finding that balance of hardships tipped in school's favor where readmission of student could put patient safety at risk and denying the preliminary injunction would simply extend the delay in the student's medical education); *see also Lei Ke v. Drexel Univ.*, No. 11-6708, 2013 WL 1092668 at *8 (E.D. Pa. Mar. 14, 2013) (finding that where reinstatement of dismissed third-year medical student would require him to "help care for patients in a hospital setting," the balance of equities tipped against granting preliminary relief). The Court also finds

that forcing the SOD to readmit Plaintiff during the pendency of the case would risk harming the SOD's academic reputation because it would impair its ability to dismiss failing students.

**C.    Movant will likely not succeed on the merits.**

The Court holds the third factor, the probability that movant will succeed on the merits, also weighs against granting the preliminary injunction. To demonstrate a "likelihood of success on the merits," a movant must show "a fair chance of prevailing" in the suit. *Planned Parenthood of Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 730, 732 (8th Cir. 2008). Plaintiff cannot do so here. Without delving into the parties' competing factual allegations, the Court notes that Plaintiff has not explained how even if the SOD had provided him with an Honor Council hearing, any decision it could have made would change the fact that Plaintiff failed three separate classes and so triggered automatic dismissal from the program. Hence, Plaintiff does not have a fair chance of prevailing in this litigation.

**D.    The public interest weighs against issuing an injunction.**

Finally, the Court holds the public interest weighs against granting an injunction. The public has an interest in allowing medical schools to rigorously enforce high academic and ethical standards, an interest which arguably would be undermined if a dismissed student with a marginal legal claim could gain readmittance by filing a lawsuit. If the SOD has wronged Plaintiff, the harm can be remedied at the lawsuit's conclusion through a combination of damages and injunctive relief. If the SOD has not wronged Plaintiff, which seems more likely, but it is nonetheless forced to readmit Plaintiff while the lawsuit is pending, then the public's interest in allowing medical schools to police themselves and maintain high standards will be harmed.

## Conclusion

Because the *Dataphase* factors all weigh against granting a preliminary injunction, the motion (Doc. 10) is DENIED.

**IT IS SO ORDERED.**

Date:  November 7, 2018              /s/ Greg Kays
                                                         GREG KAYS, CHIEF JUDGE
                                                         UNITED STATES DISTRICT COURT